IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| S.S., a minor, by and through his next friend, K.S., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 21-00207-CV-W-WBG ) |
| RAYTOWN QUALITY SCHOOL DISTRICT, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Pending is Defendants Raytown Quality School District and Jaime Sadich's Motion to Dismiss. Doc. 9. For the following reasons, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

### I.  BACKGROUND

Plaintiff S.S. is a minor student at Raytown Central Middle School, which is part of Defendant Raytown Quality School District ("District"). Doc. 1 at 1-3. Plaintiff, who was diagnosed with Down Syndrome, is enrolled in the District's Special Education Program. *Id*. at 3. On April 16, 2019, Plaintiff claims he was sexually assaulted by another student while on a school field trip. *Id*. By and through his next friend and mother, K.S., Plaintiff alleges the District and Defendant Jaime Sadich ("Sadich"), the principal of Raytown Central Middle School, violated Title IX of the Civil Rights Act of 1984 and the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688. *Id*. at 1, 4.

On June 7, 2021, both Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 9. They seek dismissal of Plaintiff's claims

against Sadich because Title IX does not provide for individual liability. Doc. 9 at 1; Doc. 10 at 2-4. Defendants also move to dismiss the entire Complaint because Plaintiff fails to plausibly allege they (1) acted with deliberate indifference, (2) had actual knowledge of sexual harassment, and (3) discrimination was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the school's educational opportunities or benefits. Doc. 9 at 1-2; Doc. 10 at 2-3, 4-8.

On June 21, 2021, Plaintiff filed suggestions in opposition to Defendants' motion. Doc. 12. Therein, Plaintiff agrees to dismiss his claims against Sadich only. *Id*. at 2 n.1. Plaintiff, however, argues his claims against the District should not be dismissed because his Complaint sets forth sufficient facts to state a plausible cause of action against the District. *Id*. at 2-7. In the alternative, Plaintiff asks the Court for leave to conduct limited discovery to clarify his allegations against the District. *Id*. at 7.

## II. STANDARD

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 does not require "detailed factual allegations" but does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a pleading contains "labels and conclusions," "formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement," the pleading standard is not satisfied. *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss for failure to state a claim, "the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard requires a

2

Case 4:21-cv-00207-WBG   Document 18   Filed 08/11/21   Page 2 of 10

plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 757 (quoting *Braden*, 588 F.3d at 594).

In considering a motion to dismiss, several tenets are considered. First, a court must accept all factual allegations made in the complaint as true. *Braden,* 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* Third, when reviewing a motion to dismiss, all inferences are to be considered in the light most favorable to the non-moving party. *Id.* at 595 ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, at the pleading stage, there is no requirement for direct evidence, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.,* 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and the Court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Title IX of the Education Amendments of 1972 ("Title IX") provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX affords an individual a private right of action if his or her Title IX rights have been violated. *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014). "On the basis of sex" means the discrimination or other prohibited conduct "was motivated

3

Case 4:21-cv-00207-WBG    Document 18    Filed 08/11/21    Page 3 of 10

by…gender or failure to conform with gender stereotypes." *Wolfe v. Fayetteville, Ark. Sch. Dist.*, 648 F.3d 860, 867 (8th Cir. 2011).  For purposes of Title IX, discrimination includes sexual harassment.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281 (1998).  Relevant to this matter, "student-on-student sexual harassment, if sufficiently severe, can…rise to the level of discrimination actionable under" Title IX.  *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).

To establish a Title IX student-on-student harassment claim, the plaintiff first must show the defendant is a Title IX funding recipient.  *Id.*; 20 U.S.C. § 1681(a).  Next, the plaintiff must establish the defendant was "(1) deliberately indifferent (2) to known acts of discrimination (3) which occur[ed] under its control."  *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003)).  "[A] school district will only be liable for situations in which it 'exercises substantial control over both the harasser and the context in which the known harassment occurs.'"  *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001) (quoting *Davis,* 526 U.S. at 645).  "[T]he school district's deliberate indifference must either directly cause the abuse to occur or make students vulnerable to such abuse, and that abuse 'must take place in a context subject to the school district's control.'"  *Id.* (quoting *Davis*, 526 U.S. at 645).  Put another way, a school district "may not be liable for damages unless its deliberate indifference *subject[s]* its students to harassment. That is, the deliberate indifference must, at a minimum, *cause* [students] to undergo harassment or make them liable or vulnerable to it."  *K.T.*, 865 F.3d at 1057 (quoting *Davis*, 526 U.S. at 644-45) (alterations in original) (emphasis added).

Finally, the plaintiff must demonstrate the harassment was "so severe, pervasive, and objectively offensive that it….deprive[d] the victim[ ] of access to the educational opportunities

4

or benefits provided by the school." *Id*. (quoting *Davis*, 526 U.S. at 650). Whether conduct is considered actionable harassment under Title IX "depends on a constellation of surrounding circumstances, expectations, and relationships." *Davis*, 526 U.S. at 651 (citation omitted).

The District's motion does not contend Plaintiff failed to plausibly alleged the District is a funding recipient or the harassment occurred under its control. Instead, the District argues Plaintiff fails to plausibly allege the District acted with deliberate indifference, it had actual knowledge of the harassment, and the harassment was so severe, pervasive, and objectively offensive. Doc. 9 at 1-2; Doc. 10 at 5-8. Accordingly, the Court limits its discussion to those arguments.

**A.     Deliberate Indifference**

Plaintiff, who was diagnosed with Down Syndrome and suffers from an intellectual disability, avers he "is unable to communicate effectively, participate in normal schooling, and requires active supervision by a paraeducator, including assistance using the restroom." Doc. 1 at 3. During the relevant timeframe, Plaintiff was a middle school student enrolled in the District's Special Education Program. *Id*. On April 16, 2019, Plaintiff attended a school field trip to the Kansas City Zoo. *Id*.

During the school field trip, "Plaintiff and another student were left unsupervised in the restroom." *Id*. A paraeducator, "after realizing there was an issue," went into the restroom. *Id*. Upon entering the bathroom, she discovered Plaintiff "being sexually assaulted and sodomized by another student." *Id*. According to the Complaint, the paraeducator saw "Plaintiff's pants were pulled down, that the other student was standing behind Plaintiff and that his penis 'had made contact with Plaintiff's butt.'" *Id*.

Plaintiff alleges the District "failed to adequately supervise its students, including Plaintiff, and allowed the sexual assault of [Plaintiff] S.S. by a fellow student." *Id*. at 4. He also contends

5

the District was "deliberately indifferent to Plaintiff S.S.'s safety, to known acts of harassment in its programs or activities, including those committed by the other student/suspect, as well as the harassment of [Plaintiff] S.S." *Id*. Due to the "severe, pervasive, and objectively offensive" sexual harassment, Plaintiff claims he was "deprived…access to educational opportunities or benefits provided by" the District. *Id*. He maintains the District's acts and omissions "directly caused, or directly contributed to" his "pain and suffering, emotional distress, anxiety, depression, and loss of self-esteem." *Id*.

Plaintiff plausibly alleges the District acted with deliberate indifference. He claims he is intellectually disabled, unable to communicate effectively, requires active supervision by a paraeducator, and needs assistance using the restroom. While attending a school field trip, Plaintiff and at least one other student were not adequately supervised by the District. The District's deliberate indifference in failing to supervise Plaintiff and the other student made Plaintiff more vulnerable to, subjected him to, and caused him to undergo harassment by another student. *See Davis*, 526 U.S. at 645 (holding a funding recipient may be liable if it "cause[s] [students] to undergo harassment or make them liable or vulnerable to it.") (citation and internal quotations omitted); *see also Roe*, 746 F.3d at 882 ("To be actionable an institution's deliberate indifference must either have caused the harassment or made the students vulnerable to it."). Additionally, Plaintiff alleges the District was deliberately indifferent to known acts of harassment in its programs or activities, including those committed by the suspect, and other acts of harassment against Plaintiff. Accepting all factual averments as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff plausibly alleges deliberate indifference sufficient to meet the notice requirements of Rule 8(a).

6

**B.     Knowledge**

The District argues Plaintiff fails to sufficiently allege the District had actual knowledge of the sexual harassment. Doc. 10 at 6-7. To satisfy the actual knowledge requirement, a plaintiff must show an appropriate person, meaning "an official of the [funding] recipient entity with authority to take corrective action to end the discrimination [or harassment]," had actual knowledge of discrimination or harassment "in the recipient's programs." *Gebser,* 524 U.S. at 290. The Eighth Circuit has determined "the actual knowledge element requires schools to have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault." *K.T.*, 865 F.3d at 1058 (citations omitted). Instead, the plaintiff must allege the school had "*prior notice* of a substantial risk of peer harassment" in its programs," "*prior knowledge* of… harassment committed by the same perpetrator," and/or "*prior knowledge* of…previous reports of sexual harassment occurring on the same premises." *Id*. (citations omitted) (emphasis in original).

In the Complaint, Plaintiff asserts the sexual assault that occurred on April 17, 2019, "was reported…and hot lined with the State of Missouri." Doc. 1 at 3. But Plaintiff also alleges the District knew of "acts of harassment in its programs or activities, including those committed by the other student/suspect, as well as the harassment of [Plaintiff]." Doc. 1 at 4. While these allegations provide minimal information, the Court finds they sufficiently plead the knowledge element required for the initial pleadings stage of the litigation because they indicate the District knew about harassment in its programs, knew about harassment committed by the same student, and knew about the harassment of Plaintiff. *See Doe v. Lincoln Pub. Schs.*, No. 4:20-CV-3102, 2021 WL 2320479, at *2 (D. Neb. June 7, 2021) (finding dismissal was not appropriate in a pre-discovery case even though the plaintiff did not allege "specific factual allegations regarding…prior knowledge" because "it is not unreasonable to anticipate that discovery may (or

may not) lead to evidence substantiating the necessary elements of this aspect of the plaintiff's claim."); *Hermann v. Kirkwood R-7 Sch. Dist.*, No. 4:20-CV-1216 RLW, 2021 WL 2209321, at *6 (E.D. Mo. June 1, 2021) (finding the plaintiff sufficiently pleaded knowledge by averring "[p]rior to the abuse of Plaintiff, KSD was on actual notice that female students were being sexually harassed and discriminated against by KSD employees, including [a particular teacher]."). At the initial pleading stage, detailed factual allegations are not required, even under *Twombly*. *Braden,* 588 F.3d at 595 (recognizing that "Rule 8 does not, however, require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful."). Accepting all factual averments as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds Plaintiff has plausibly alleged actual knowledge sufficient to meet the notice requirements of Rule 8(a).

C.  **Severe, Pervasive, and Objectively Offensive**

The District argues Plaintiff's Complaint must be dismissed because a single instance of sexual assault does not give rise to an actionable claim under Title IX. Doc. 10 at 1, 5, 7-8. In *Davis*, the United States Supreme Court found harassment must "be serious enough to have the systemic effect of denying the victim equal access to an educational program or activity," and "in theory, a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect." 526 U.S. at 652. However, the Supreme Court expressed doubt as to whether Congress intended for "such behavior…to rise to this level in light of the inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment." *Id*. at 652-53.

Since *Davis* was decided, several courts have found a single incident of one-on-one peer harassment may be severe, pervasive, and objectively offensive for purposes of a Title IX claim.

8

*See Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 276 n.15 (4th Cir. 2021) (stating a single incident of sexual assault may be actionable under Title IX if it is "extremely serious.") (citation omitted); *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 980460, at *13 (D. Kan. Mar. 14, 2017) (observing "[c]ourts have consistently recognized that a student need not allege multiple instances of sexual assault to state a plausible Title IX claim."); *Albiez v. Kaminski*, No. 09-CV-1127, 2010 WL 2465502, at *6 (E.D. Wis. June 14, 2010) (observing one incident of sexual assault is sufficiently "severe, pervasive, and objectively offensive" if it deprives the victim of access to the school's educational opportunities or benefits); *M. v. Stamford Bd. of Educ.*, No. 3:05-CV-0177 (WWE), 2008 WL 2704704, at *9 (D. Conn. July 7, 2008) (finding one incident of sexual assault of a disabled student was "precisely the type of action covered by Title IX.")[1]; *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, No. CIV.A.3:01-CV-1092-R, 2002 WL 1592694, at *6 (N.D. Tex. July 16, 2002) (holding "one single instance of a forced manual penetration of one's vagina seems to qualify as a 'sufficiently severe one-on-one peer harassment.'").

Plaintiff's allegations sufficiently plead the harassment he suffered was severe, pervasive, and objectively offensive. He maintains he was sexually assaulted and sodomized by another student. Doc. 1 at 3. As the paraeducator explained, "Plaintiff's pants were pulled down…the other student was standing behind Plaintiff and…his penis 'had made contact with Plaintiff's butt.'" *Id*. As a result of the incident, Plaintiff alleges he has experienced and will continue to experience "pain and suffering, emotional distress, anxiety, depression, and loss of self-esteem." *Id*. at 4. He also contends he has been deprived of access to the District's educational opportunities

---

[1] The Court notes the District of Connecticut later granted the plaintiff's motion to reconsider its summary judgment ruling and vacated part of its July 7, 2008 order. 2008 WL 4197047. However, the Court's order did not vacate its prior decision regarding the plaintiff's Title IX claim. *Id*. a

9

and programs. *Id*. Based on these allegations, the Court concludes Plaintiff has plausibly alleged the sexual assault by another student was severe, pervasive, and objectively offensive.

## IV. CONCLUSION

Rule 8(e) states that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Assuming the factual allegations in the Complaint are true, the Court finds the Complaint plausibly states a cause of action under Title IX and meets the pleading requirements of Rule 8(a) and applicable case law.

Based on its careful review of Plaintiff's Complaint, the parties' briefs, and the applicable law, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims against Sadich but DENIES Defendants' motion to dismiss Plaintiff's claims against the District.

**IT IS SO ORDERED.**

DATE: August 11, 2021        /s/ W. Brian Gaddy
                             W. BRIAN GADDY
                             UNITED STATES MAGISTRATE JUDGE